BRUCE EDWARD BUTLER v. EARL WOOD.

(Filed 4 May, 1966.)

**1. Negligence § 25—**

Evidence bearing on the issue of contributory negligence must be considered in the light most favorable to defendant in determining the sufficiency of the evidence to require the submission of that issue to the jury.

**2. Automobiles § 49— Evidence held for jury on question of contributory negligence of passenger in grabbing steering wheel in emergency.**

Defendant's evidence was to the effect that while he was traveling some 50 miles per hour he passed a stop sign and then realized that the highway upon which he was traveling came to a dead end at its intersection with another highway, that defendant was attempting to make a left turn into the intersecting highway and that while the car was sliding plaintiff passenger grabbed the wheel, causing the car to continue in a straight line and hit an embankment and telephone pole. *Held:* Whether plaintiff grabbed the wheel and, if so, whether plaintiff's act under the circumstances constituted negligence and was a proximate cause of the collision was properly submitted to the jury on the issue of contributory negligence.

MOORE, J., not sitting.

APPEAL by plaintiff from *Carr, J.,* October 1965 Regular Civil Session of HARNETT.

Plaintiff was injured on Sunday, October 13, 1963, shortly after 3:30 a.m., as a result of a one-car collision. Plaintiff owned the car and was riding on the right front seat. Defendant was the operator.

Uncontroverted testimony tends to show: The collision occurred in Harnett County, some three miles north of Dunn, in the area where rural unpaved road #1715 dead ends at rural paved road #1722, forming a "T" intersection, #1722 being the top of the "T" and #1715 extending south therefrom. Each road was approximately 32 feet wide. A stop sign south of said "T" intersection faced northbound traffic on #1715. The car, proceeding north on #1715, passed the stop sign, entered the intersection area, struck and bounced off an embankment five or six feet high on the north side of #1722, then hit a telephone pole.

The pleadings raised issues as to negligence, contributory negligence and damages. Both plaintiff and defendant offered evidence. The jury answered both negligence and contributory negligence issues, "Yes," and did not reach the issue of damages. In accordance with said verdict, the court entered judgment that plaintiff recover nothing from defendant. Plaintiff excepted and appealed.

*D. K. Stewart and Bryan & Bryan for plaintiff appellant.*
*Pittman, Staton & Betts for defendant appellee.*

PER CURIAM. The sole question is whether the court erred in submitting the contributory negligence issue.

In passing upon the sufficiency of the evidence to require submission of the contributory negligence issue, defendant is entitled to have the evidence bearing on that issue considered in the light most favorable to him. 3 Strong, N. C. Index, Negligence § 25, and cases cited.

Defendant's evidence, in brief summary, tends to show: At or about the time he passed the stop sign, defendant became aware that #1715 came to a dead end at its intersection with #1722. He was then going 50-55 miles per hour. Being on the right side of #1715, there was more turning room to defendant's left. Defendant "automatically jerked to the left" and applied his brakes. While defendant was attempting to make a left turn and the car was "sliding," plaintiff looked up, said "Look out," and grabbed the steering wheel. Thereupon, the car went straight across #1722 and hit the embankment and telephone pole.

We are constrained to hold, in accordance with the ruling below, that whether plaintiff grabbed the steering wheel and thereby interfered with the operation and course of the car, and, if so, whether plaintiff's said conduct under the circumstances constituted negligence and was a proximate cause of the collision, were for jury determination. With reference to the contributory negligence issue, defendant's allegations and evidence, and the court's instructions, relate to actual interference by plaintiff in the operation and course of the car.

No error.

MOORE, J., not sitting.