WALTER G. HUNT v. CAROLINA TRUCK SUPPLIES, INC.

AND

ROSA L. DAVIS v. CAROLINA TRUCK SUPPLIES, INC.

AND

JOHNSIE D. HUNT v. CAROLINA TRUCK SUPPLIES, INC.

(Filed 14 January, 1966.)

1. **Automobiles § 41c—**

Evidence that the driver of a tractor-trailer applied his brakes on a wet and slippery highway, that the trailer jackknifed, causing the vehicle to skid and to cross over and block the left lane, resulting in the injuries in suit when a vehicle approaching from the opposite direction collided therewith, *held* sufficient to be submitted to the jury on the issue of the truck driver's negligence.

2. **Automobiles § 46—**

Where defendant's evidence is to the effect that his driver when confronted with the sudden emergency of an unlighted vehicle in his lane of travel, applied his brakes, causing the trailer to jackknife and the vehicle to skid across his left lane, blocking traffic, an instruction that if the driver failed to drive on his righthand side of the highway, without any reference upon this issue to defendant's evidence of sudden emergency excusing the maneuver, must be held for prejudicial error.

3. **Appeal and Error § 42—**

While an instruction will be construed contextually, the failure of the court to refer to sudden emergency in connection with defendant's evidence that he put on his brakes and skidded to the left on a wet and slippery highway upon being suddenly confronted with an unlighted vehicle in his lane of travel, cannot be held cured by a later general instruction upon the doctrine of sudden emergency not related to the particular issue.

4. **Automobiles § 19—**

Evidence that defendant's driver was confronted with an unlighted vehicle in his lane of travel on a wet and slippery highway, that he applied his brakes and exercised his best efforts, but that his trailer jackknifed, causing his vehicle to skid to the left and stop with the engine in the ditch and the trailer blocking most of the highway, *held* not to disclose as a matter of law that the driver contributed to the emergency in traveling at excessive speed or in failing to keep a proper lookout so as to preclude the doctrine of sudden emergency.

APPEALS by defendant from *Brock, Special Judge,* June 21, 1965 Civil Session of RICHMOND.

These three actions to recover damages for personal injuries, which were consolidated for trial, grow out of a collision that occurred December 14, 1963, about 5:30 p.m., on U. S. Highway #74, in the Town of Marshville, N. C., between an eastbound Cadillac

and a westbound tractor-trailer combination. The collision occurred about 60 feet east of the intersection of #74 and Elizabeth Avenue.

The Cadillac was owned by plaintiff Johnsie D. Hunt and was operated by her husband, plaintiff Walter G. Hunt. Mrs. Hunt and her mother, plaintiff Rosa L. Davis, were riding in the back seat of the Cadillac. The tractor-trailer was operated by Bruce Jackson Smith as agent for and in the course of the business of defendant.

Each plaintiff alleged the collision and his (her) injuries were proximately caused by the negligence of defendant's operator in that he (a) operated the tractor-trailer at excessive speed, (b) failed to keep a proper lookout, (c) failed to keep the tractor-trailer under proper control, and (d) failed, in violation of G.S. 20-146, to drive on his right side of the highway.

In separate answers, defendant denied plaintiffs' allegations as to its actionable negligence. In addition, defendant alleged: "(A)s its tractor unit approached the intersection of U. S. Highway #74 and Elizabeth Avenue, traveling west on U. S. Highway 74, defendant's operator was suddenly confronted with an unlighted automobile which was parked or stopped in the westbound lane and directly in the path of travel of this defendant's oncoming vehicle; that at said time and place, it was raining, and the pavement was wet, lightly covered with clay or mud, and was slippery; that it was dusk and almost dark; that when the defendant's operator was confronted with this sudden emergency, he immediately applied the brakes of the vehicle and attempted to avoid a collision with the vehicle which was stopped or parked directly in its path of travel, and, thereafter, despite the best efforts of the defendant's operator and despite the exercise of due care on his part, the trailer unit to the rear of this defendant's tractor jackknifed and caused the vehicle to go into a skid, to cross over into the eastbound traffic lane, and to come to a stop with the trailer extending across the eastbound traffic lane and partially into the westbound traffic lane of said Highway 74; thereafter, the 1962 Cadillac automobile being operated by the plaintiff collided with and struck the right side of the trailer."

Defendant, in its answers in the Hunt cases, also pleaded conditionally the contributory negligence of the plaintiff.

Evidence was offered by plaintiffs and by defendant.

Appropriate issues were submitted in each case and answered in favor of the plaintiff; and a judgment for each plaintiff in accordance with the verdict was entered. Defendant excepted to each judgment and appealed. The three appeals are before us on a consolidated record.

*Webb, Lee & Davis for plaintiff appellees.*
*Charles T. Myers for defendant appellant.*

BOBBITT, J. All the evidence tends to show the collision, which was between the front of the Cadillac and the right side of the trailer, *occurred on Hunt's side of the two-lane highway;* that, as the Hunt eastbound Cadillac and defendant's westbound tractor-trailer approached each other, the tractor-trailer crossed to its left of the center of #74 and jackknifed, stopping with the front of the tractor in the ditch along the south shoulder and with the trailer across the lanes (particularly the lane for eastbound traffic) of #74; and that it was or had been "drizzling rain" and #74 was wet.

Evidence offered by plaintiffs tends to show there was no westbound vehicle in front of the tractor-trailer as it approached the point of collision.

Defendant's assignment of error directed to the court's denial of its motion(s) for judgment of nonsuit is without merit. There was ample evidence to require submission of the case to the jury.

With reference to the first (negligence) issue, the court, after discussing each of the alleged specifications as to defendant's negligence, instructed the jury as follows: "(I)f the plaintiffs have satisfied you by the greater weight of the evidence that the defendant's driver drove at an excessive speed under the circumstances existing, or that he failed to maintain a proper lookout, or that he failed to maintain proper control, or that he drove the vehicle without exercising due care, *or that he failed to drive on his right-hand side of the highway,* if the plaintiffs have satisfied you by the greater weight of the evidence that the defendant's driver was negligent in any one or more of those respects, and has further satisfied you by the greater weight of the evidence that such negligence not only exists, but that such negligence was the proximate cause or one of the proximate causes of the accident and the injury in question, *then it would be your duty to answer this first issue in favor of the plaintiffs, and you would answer the first issue in each of these cases, the three cases,* 'Yes.' If the plaintiffs have failed to carry that burden of proof and have failed to so satisfy you by the greater weight of the evidence, then your answer must be for the defendant, and you would answer the first question in each case, 'No.'" (Our italics.)

Defendant excepted to this portion of the court's instructions.

The court made no reference to defendant's plea of sudden emergency or evidence pertaining thereto at any time during the instructions relating to the first (negligence) issue.

After instructing the jury with reference to the second (contributory negligence) issue in the Hunt cases, the court, without relating it to any particular issue, gave the jury a correct general instruction relating to the sudden emergency doctrine.

Although it is well established a charge must be considered and interpreted contextually, 1 Strong, N. C. Index, Appeal and Error § 42, we are constrained to hold that the failure to relate defendant's plea of sudden emergency and the evidence pertinent thereto to the first issue was erroneous and prejudicial. The jury having been instructed explicitly to answer the first issue, "Yes," if they found, *inter alia,* that defendant's tractor-trailer was operated to the left of the center of the highway, and that such action proximately caused the collision and resulting personal injuries, it cannot be assumed the jury would understand that this explicit instruction was modified in any way by the subsequent general instruction relating to the doctrine of sudden emergency.

The more serious question is whether defendant's evidence was sufficient to entitle him to *any* instruction relating to the doctrine of sudden emergency. To answer this question, we must consider the evidence in the light most favorable to defendant.

There was evidence "(i)t was kindly dusky, not just black dark, but it was dusky." The tractor-trailer "had its lights on." The evidence is silent as to whether the lights of the Cadillac were burning.

Smith's testimony, when considered in the light most favorable to defendant, tends to show: The tractor-trailer was traveling on its right side of #74. The brakes "were working fine." The headlights were on and working. The windshield wipers "were running." When four car-lengths away, Smith first noticed a car, stopped in front of him, when the operator "turned his lights on all of a sudden." The tractor-trailer was traveling 20-25 miles an hour. When Smith saw "the car up front," he applied his air brakes. Under ordinary conditions, the distance was such he could have stopped, but on account of the slippery condition of the highway at this particular point, caused by a coating of clay that had spilled onto the highway from trucks in the area, the tractor-trailer, upon application of the brakes, swerved to the left and jackknifed.

While inferences may be drawn from Smith's testimony, particularly that elicited by plaintiffs on cross-examination, tending to show that the sudden emergency, if any, that confronted Smith was attributable, at least in part, to his own negligence, we are constrained to hold that these matters were for jury determination under a proper instruction applying the doctrine of sudden emergency to the evidence as related to the first (negligence) issue.

Since a new trial is awarded on the ground indicated, we do not consider defendant's other assignments of error. The questions presented may not arise at the next trial.

New trial.