EDDIE F. DAY v. PATRICIA ANN DAVIS, A MINOR, AND WILLIAM B. DAVIS.

(Filed 14 December, 1966.)

**1. Automobiles § 27—**

While the violation of the provision of G.S. 20-141(c) requiring a motorist to decrease speed when approaching and crossing an intersection, is negligence *per se,* such violation must be a proximate cause of the injury in suit, including the essential element of foreseeability, in order to be actionable.

**2. Automobiles § 17—**

The driver of a vehicle along a dominant highway is not required to anticipate that a driver approaching along an intersecting servient highway will fail to stop before entering the intersection, but is entitled to assume and act on the assumption, even to the last moment, that the operator of the vehicle along the servient highway will stop in obedience to the statute and will not enter the intersection until he ascertains, in the exercise of due care, that he can do so with reasonable assurance of safety.

**3. Automobiles § 42g—**

Where the evidence discloses that the driver along a dominant highway saw that a vehicle approaching along the servient highway had stopped before entering the intersection, the question of whether the failure of the driver along the dominant highway to reduce speed was a proximate cause of injury resulting when the driver along the servient highway suddenly entered the intersection in the path of the other vehicle, is a question for the jury.

**4. Automobiles § 19—**

A party may not be deprived of his right to have the doctrine of sudden emergency presented to the jury on the ground that his negligence contributed to the creation of the emergency when the question of whether his negligence was a proximate cause of the injury is for the determination of the jury upon the evidence.

**5. Automobiles § 46— Plaintiff held entitled to instruction on doctrine of sudden emergency upon evidence in this case.**

The evidence tended to show that plaintiff was traveling west on a dominant highway, that defendant, traveling north, was stopped on the servient highway, that defendant entered the intersection and turned left so closely in front of plaintiff's vehicle that plaintiff swerved to his left to avoid striking defendant's vehicle, passed defendant's vehicle in safety, but that when he then swerved back to his right side of the highway, he lost control, causing the injury in suit. *Held:* The question whether plaintiff's failure to reduce speed in approaching the intersection was a proximate cause of the injury being a question for the jury, plaintiff is entitled to an instruction on the doctrine of sudden emergency with reference to the issue of contributory negligence.

**6. Same—**

Where the court in stating the general principles of law applicable to the evidence, instructs the jury that such principles, including *inter alia*

the doctrine of sudden emergency, were applicable both to the issue of negligence and contributory negligence, but later in charging upon the issue of contributory negligence instructs the jury to answer that issue in the affirmative if they found that plaintiff was negligent in stated respects, but without relating the doctrine of sudden emergency to any of the particular acts relied on by defendant as constituting contributory negligence, the charge must be held prejudicial.

**7. Appeal and Error § 42—**

Where the court charges the jury on the doctrine of sudden emergency in stating the general principles of law applicable to the evidence but then charges the jury explicitly that it should answer the issue of contributory negligence in the affirmative if it found plaintiff was negligent in any of the aspects presented by the evidence, without relating the issue of plaintiff's plea of sudden emergency specifically to the issue of contributory negligence, the error is not cured by contextual construction.

APPEAL by plaintiff from *Copeland, S.J.,* February 1966 Civil Session of WAYNE.

Civil action to recover damages for injuries to the person and property of the plaintiff.

Plaintiff offered evidence which tended to show that he was traveling west on U. S. 70 Bypass near Goldsboro approaching the intersection of Banks Avenue with U. S. 70. He was operating his Volkswagen automobile at approximately 60 miles per hour when he saw the Oldsmobile operated by defendant Patricia Ann Davis (Jones) at the intersection, headed north on Banks Avenue. Plaintiff testified: "The car was stopped and as I approached the intersection the Oldsmobile pulled out. There was a center line like this (indicated diagonally headed west), all of a sudden it jumped out in front of me, and all I could do was pull to the left and try to straighten up, which I could not do. When they pulled out it was so close I had to whip my car. I didn't have time to hit my brakes or anything so I swerved to the left and I don't remember where I went." He further testified as to personal injuries and property damage to his automobile.

There was other evidence offered which tended to show that the traffic on Banks Avenue was controlled by stop signs making U. S. 70 the dominant road. The speed limit on U. S. 70 Bypass in the area was 60 miles per hour.

The investigating officer testified that when he arrived at the scene the Oldsmobile was pulled off on the right-hand shoulder of U. S. 70, approximately 75 to 100 feet west of the intersection, and plaintiff's automobile was approximately 50 feet south of the eastbound lane of U. S. 70 and 240 feet west of the intersection; there were tire marks, "not skid marks" which began on the east side of the intersection and led to the defendant's automobile; approxi-

mately 170 feet west of the intersection the tire marks became "skid marks" going from the northern lane of U. S. 70 to the southern lane and then off the road onto the shoulder, and from the shoulder the skid marks ran another 50 feet to the plaintiff's automobile.

The *feme* defendant testified and offered evidence which tended to show that she was operating the automobile belonging to defendant William B. Davis on Banks Avenue in a northerly direction towards its intersection with U. S. Highway 70. She stopped at the intersection to allow traffic to pass, pulled up closer to the intersection and again stopped to allow more traffic to pass. Before entering the highway, she could see to the east on U. S. 70 a distance of approximately 1200 feet, and the plaintiff was not in sight at the time she entered the intersection. Upon looking both ways and seeing no approaching traffic, she turned left onto U. S. 70; while making the turn at a speed of about five miles an hour, she looked to the right and saw plaintiff's car about 500 feet away, approaching at a speed of approximately 65 miles per hour. She quickly straightened the Oldsmobile into her lane, and after traveling about 20 feet the plaintiff's car passed on her left, "normally, but fast." Plaintiff's car did not change speed, and upon pulling into its right lane skidded across the road and turned over.

Lynda Sue Wade, sister of defendant Patricia Ann Davis, was a passenger in the Oldsmobile at the time of the accident. She testified she first observed the plaintiff's car 1200 feet away as it approached, and, in her opinion, the plaintiff was traveling at a speed of 65 miles per hour, and he at no time slowed down.

The jury answered the first issue as to negligence of the defendants and the second issue as to contributory negligence of the plaintiff in the affirmative. From judgment entered accordingly, the plaintiff appeals, assigning error.

*Sasser and Duke and Herbert B. Hulse for plaintiff appellant.*
*Dees, Dees, Smith and Powell for defendant appellees.*

BRANCH, J.  Plaintiff challenges the trial judge's instructions in that he failed to properly relate the doctrine of sudden emergency to the issue of contributory negligence. First, we must determine if plaintiff was entitled to any instructions on the doctrine.

This Court, considering this doctrine in the case of *Cockman v. Powers,* 248 N.C. 403, 103 S.E. 2d 710, stated: " 'One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have done.' . . . True, one cannot escape liability for acts otherwise negligent because done un-

der the stress of an emergency if such emergency was caused, wholly or in material part, by his own negligent or wrongful act."

There is a lack of evidence or conflicting evidence regarding all the allegations of contributory negligence except as to the alleged violation of G.S. 20-141(c), which provides in part as follows: "The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection. . . . or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care." There is a line of cases in North Carolina holding that the violation of G.S. 20-141(c) constitutes negligence *per se.* However, these cases hold further that in order for there to be actionable negligence such violation must be a proximate cause of the injury in suit, including the essential element of foreseeability. *Hutchens v. Southard,* 254 N.C. 428, 119 S.E. 2d 205; *Reynolds v. Murph,* 241 N.C. 60, 84 S.E. 2d 273.

It is also well-established law in North Carolina that the driver of a vehicle on a dominant highway is not under duty to anticipate that a driver on a servient highway will fail to stop as required by statute before entering the intersection, and, in the absence of anything which gives notice to the contrary, may assume and act on the assumption, even to the last moment, that the operator along the servient highway will stop in obedience to the statute, and will not enter the intersection until he ascertains, in the exercise of due care, that he can do so with reasonable assurance of safety. *Hawes v. Refining Co.,* 236 N.C. 643, 74 S.E. 2d 17.

The duty of the plaintiff to decrease his speed was governed by the duty of all persons to use "due care," and is tested by the usual legal requirements and standards such as proximate cause. In order for there to be any legal significance in a civil action for violation of the statutes, it must be shown that the violation proximately caused the injury. *Cassetta v. Compton,* 256 N.C. 71, 123 S.E. 2d 222.

We would not be constrained to say that the failure of the plaintiff to decrease his speed as he approached or entered the intersection, standing alone, would preclude him from the benefits of the instruction on sudden emergency. Certainly, if plaintiff had approached the intersection at ten miles per hour, he would not have *per se,* wholly or in material part, caused the emergency because he failed to reduce

his speed. Thus, whether plaintiff had the right to assume that the defendant would not enter the intersection until she could safely do so, and whether plaintiff's failure to decrease his speed upon approaching or entering the intersection constituted negligence, are questions of fact to be determined by the jury.

Considering the evidence in the light most favorable to the plaintiff, which we must do, *Hunt v. Truck Supplies,* 266 N.C. 314, 146 S.E. 2d 84, we hold that *all* of the evidence does not show that the plaintiff by his negligence brought about or contributed to the emergency. These matters are for jury determination under proper instructions, applying the doctrine of sudden emergency. Hence, it becomes necessary to determine if the trial judge properly related his instructions as to sudden emergency to the second issue.

The court made no reference to the doctrine of sudden emergency while instructing on the second issue (contributory negligence). While charging on the first issue, the court made the general statement: "Now, further, with respect to the general propositions of law, the court further wishes to tell you that the law goes further with respect to this and you will also consider what I am about to tell you later on with regard to the second issue, which is contributory negligence; but what I am going to tell you now you will consider in respect to this issue and you will also consider it with respect to the second issue." After making this statement, the judge charged on several other matters before he mentioned the doctrine of sudden emergency in his charge on the first issue. Later, while charging on contributory negligence, he instructed the jury to answer the second issue "Yes" if they found, *inter alia,* that plaintiff was negligent in that he failed to keep a proper lookout or that he failed to keep his automobile under proper control, or that he operated his automobile at a greater rate of speed than allowed by law, or he operated his motor vehicle at a greater rate of speed than was reasonably prudent under existing conditions, considering any special hazards that may have existed at the time in question, and particularly in regard to an intersection.

In the recent case of *Hunt v. Truck Supplies, supra,* this Court held that although it is well established that a charge must be considered and interpreted contextually, the failure to relate defendant's plea of sudden emergency and the evidence pertinent thereto to the proper issue was erroneous and prejudicial, and was not cured by a later general instruction on the doctrine of sudden emergency not related to the particular issue.

In the instant case the instructions given on the first issue as to the doctrine of sudden emergency were not clearly related to the second issue (contributory negligence). Therefore, we cannot assume

that the jury understood that the explicit instructions to answer the second issue "Yes" would be in any way altered by the previous instructions on the doctrine of sudden emergency. The trial judge failed to properly relate the doctrine of sudden emergency to the issue of contributory negligence.

For reasons stated, plaintiff is entitled to a

New trial.