TOMMY JOHNSON v. ROBERT EUGENE DOUGLAS
AND
LACY FERGUSON AND HOMER CARLTON, JR., T/A D/B/A FERGUSON & CARLTON v. ROBERT EUGENE DOUGLAS

No. 6923SC290

(Filed 17 September 1969)

1. Automobiles §§ 58, 80— accident involving turning automobile — negligence — contributory negligence — nonsuit

 In an action for damages arising out of a collision between plaintiff's truck, which was making a left turn across defendant's lane of travel, and defendant's oncoming automobile, there was ample evidence of defendant's negligence and plaintiff's contributory negligence to require submission of the issues to the jury.

2. Automobiles § 46— opinion testimony as to speed — admissibility

 It is competent for a person of ordinary intelligence and experience to testify as to his opinion as to the speed of a vehicle when he has had reasonable opportunity to observe the vehicle and judge its speed; but where the evidence affirmatively discloses that the witness had no reasonable opportunity to judge the speed of the car, his testimony in that regard is incompetent.

**3. Automobiles § 46— opinion testimony as to speed — reasonable opportunity to observe car**

What is a reasonable opportunity to observe the vehicle and judge its speed is a question that must be determined by the trial judge in each case from the facts as they appear in the evidence.

**4. Automobiles § 46— opinion testimony as to speed — exclusion**

Testimony of a witness as to the speed of an oncoming car was properly excluded, where witness stated that he first saw the car when it was fifty to seventy-five feet away and that he did not see the car continuously thereafter.

**5. Automobiles § 90— action for negligent operation — instructions — speeding**

An instruction that plaintiff would be guilty of negligence if he drove at an excessive rate of speed constitutes prejudicial error where there is neither allegation nor proof that plaintiff was operating his automobile at an excessive rate of speed at the time of the accident.

**6. Trial § 32— purpose of instructions**

One of the primary purposes of the charge is to assist the jury by eliminating irrelevant matters and bringing into focus the evidence and law that are material and essential for a proper determination of the issues in the case.

**7. Automobiles § 90— instructions — law relating to oncoming and turning vehicles**

In an action for damages arising out of a collision between plaintiff's truck, which was making a left turn across the defendant's lane of travel, and defendant's oncoming automobile, trial court's instructions with respect to the rights of the oncoming vehicle or the turning vehicle *held* erroneous in failing to explain what the parties could assume under the circumstances with respect to the operation of their respective vehicles. G.S. 1-180.

**8. Automobiles § 17— motorist procceding on right side of highway — assumptiton**

A motorist proceeding on his right side of the highway may properly assume that an automobile approaching from the opposite direction will remain on its own side of the road until the vehicles meet and pass in safety.

**9. Automobiles § 9— motorist turning left — assumptions**

A motorist making a left turn in front of an approaching motorist has the right to assume in the absence of notice to the contrary that the approaching motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle.

**10. Automobiles § 9— motorist turning left — duties**

G.S. 20-154 requires a motorist intending to turn from a direct line (1) to see that the movement can be made in safety and (2) to give the required signal when the operation of any other vehicle may be affected.

**11. Automobiles § 90;　Trial § 33— instructions on negligence not supported by pleadings**

Instructions which would permit the jury to find the parties guilty of aspects of negligence in the operation of an automobile, whether or not such negligence had been alleged in the pleadings, are erroneous.

APPEAL by plaintiffs and the defendant from *Johnston, J.,* Regular January 1969 Civil Session of Superior Court held in WILKES County.

Plaintiff Tommy Johnson (Johnson) seeks to recover of defendant, Robert Eugene Douglas (Douglas), for personal injuries alleged to have been sustained on 5 April 1968 as a result of a collision between a Chevrolet truck he was operating and a Pontiac automobile being operated by Douglas. Plaintiffs Lacy Ferguson and Homer Carlton, Jr., trading and doing business as Ferguson & Carlton (Ferguson & Carlton) seek to recover of Douglas for damage to their truck alleged to have been sustained on 5 April 1968 as a result of a collision between their Chevrolet truck which was being operated by Johnson and the Pontiac automobile being operated by Douglas.

Each plaintiff asserts that the collision was proximately caused by the negligence of Douglas. Douglas denies negligence, alleges contributory negligence, and asserts a counterclaim against each plaintiff for personal injuries and property damage he sustained in the collision.

The court submitted issues of negligence, contributory negligence and damages. The jury by its answer to the issues found that Douglas was negligent and that Johnson was contributorily negligent. From the entry of the judgment that plaintiffs recover nothing, the defendant recover nothing, and that the costs be taxed against the plaintiffs, both plaintiffs and the defendant appeal.

*McElwee & Hall by John E. Hall, and Moore & Rousseau by Julius A. Rousseau, Jr., for plaintiffs.*

*Ferree & Osborne by Samuel L. Osborne for defendant.*

MALLARD, C.J.

**[1]** The evidence tends to show that the collision occurred on the morning of 5 April 1968 on Highway #18 approximately five miles north of North Wilkesboro. Johnson was traveling North. Douglas was proceeding South. Johnson testified that when he could see that the road was clear of approaching traffic for a distance of

150 to 175 feet, he began turning to his left across the highway for the purpose of entering a private drive to deliver milk. Douglas testified that Johnson started to make the turn when he (Douglas) was approximately 100 feet away. The automobile operated by Douglas collided with the right side of the truck operated by Johnson before it got off the road. After a careful review of the evidence, we are of the opinion and so hold that there was ample evidence of the negligence of Douglas and the contributory negligence of Johnson to require submission of the issues to the jury. Since there must be a new trial, we do not set forth all the evidence in detail. Defendant's motion for judgment as of nonsuit was properly overruled. See *Lemons v. Vaughn and Vaughn v. Lemons*, 255 N.C. 186, 120 S.E. 2d 527 (1961).

[4]    Plaintiffs contend that the court committed error in excluding the testimony of Johnson as to the speed of the automobile being operated by Douglas. The evidence tended to show that at the place where the collision occurred the maximum speed limit was 55 miles per hour. Johnson testified:

> "When I looked to my right there was a 1959 Pontiac. It was the one driven by Mr. Douglas. When I looked and saw the vehicle, it was fifty to seventy-five feet away, I would say in my opinion."

Johnson also testified that "from the time I first saw the vehicle, I did not look at it continuously until the crash." If Johnson had been permitted to testify about the speed, he would have said, "In my opinion, the speed of the Douglas vehicle was approximately 65 to 60 miles per hour."

[2]    The correct rule is stated in 1 Strong, N.C. Index 2d, Automobiles, § 46, as follows:

> "It is competent for a person of ordinary intelligence and experience to testify as to his opinion as to the speed of a vehicle when he has had reasonable opportunity to observe the vehicle and judge its speed."

> \*          \*          \*

> "Where, however, the evidence affirmatively discloses that the witness had no reasonable opportunity to judge the car's speed, his testimony in that regard is without probative force and is incompetent."

[3]    What is a reasonable opportunity to observe the vehicle and judge its speed is a question that must be determined by the trial judge, if it arises, in each case from the facts as they appear in the

evidence. The testimony is incompetent if the witness had not had reasonable opportunity to observe the vehicle and judge its speed.

The case of *Ray v. Membership Corp.*, 252 N.C. 380, 113 S.E. 2d 806 (1960), relied on by plaintiffs, is distinguishable. There the witness testified he saw the vehicle fifty feet east of the intersection; the two vehicles collided in "about the center of the intersection." The Court said:

> "In our opinion, it cannot be held as a matter of law that John Ollis, a police officer of the town of Burnsville standing at the intersection with nothing to obstruct his view of defendant Woody's approaching truck, and under the circumstances as shown by his testimony, did not have a reasonable opportunity to form an intelligent opinion as to the speed of Woody's truck, which was sufficiently reliable to be admissible in evidence for the consideration of the jury. That the question as to the opportunity of Ollis to estimate, under the particular circumstances shown by his testimony, the speed of Woody's truck goes to the weight of his testimony rather than to its admissibility."

[4]  In this case we are of the opinion that the observation of the Douglas vehicle by Johnson for the first time when it was "fifty to seventy-five feet away," under the circumstances revealed by his testimony that he did not see it continuously after that, did not afford him the opportunity to judge its speed. We think the trial judge was correct in excluding the opinion of Johnson.

[5]  Plaintiffs' fourth assignment of error is to the court's charge to the jury. The judge instructed the jury, in part:

> "[A]nd if the plaintiff drove his vehicle on the public highways at a greater rate of speed than that which was reasonable and prudent under the circumstances as they existed there, then the plaintiff would be guilty of negligence."

There was no allegation in the pleadings that Johnson drove the vehicle he was operating at a speed greater than was reasonable and prudent. There was no evidence offered which tended to show that Johnson operated the truck at a speed that was greater than reasonable and prudent.

[6]  One of the primary purposes of the charge is to assist the jury by eliminating irrelevant matters and bringing into focus the evidence and law that are material and essential for a proper determination of the issues in the case. *Irvin v. R. R.*, 164 N.C. 6, 80 S.E. 78 (1913). In the case of *Dunlap v. Lee*, 257 N.C. 447, 126 S.E. 2d

62 (1962), the rule relating to abstract principles of law is stated thus:

> "An instruction about a material matter not based on sufficient evidence is erroneous. In other words, it is error to charge on an abstract principle of law not raised by proper pleading and not supported by any view of the evidence." See also *Vann v. Hayes*, 266 N.C. 713, 147 S.E. 2d 186 (1966), and *Childress v. Motor Lines*, 235 N.C. 522, 70 S.E. 2d 558 (1952).

[5] In this case the defendant Douglas concedes that the foregoing instruction was error. We think that under the circumstances of this case it was prejudicial error. *Powell v. Clark*, 255 N.C. 707, 122 S.E. 2d 706 (1961).

[7] Plaintiffs also contend that the judge committed error in his instructions to the jury relative to G.S. 20-146. This statute sets forth certain rules with respect to driving on the right side of the roadway. Plaintiffs assert that this instruction was erroneous and in effect informed the jury that Johnson would be negligent by simply turning to his left and crossing the left side of the roadway for the purpose of entering a private drive. We do not agree with this contention. However, each plaintiff's case was based in part upon allegation that the roadway was free of oncoming traffic for a sufficient distance to permit Johnson safely to make his left turn into the private drive. Defendant's case was based in part upon his allegation that Johnson turned to the left in front of him at a time when defendant's vehicle was so close to Johnson that he could not avoid the collision. We do not think that the judge properly instructed the jury with respect to the rights of the oncoming vehicle or the turning vehicle in that he failed to explain the law to the jury as to what the parties could assume under the circumstances with respect to the operation of their respective vehicles. In this respect the trial judge did not comply with the provisions of G.S. 1-180 by stating as contentions what one of the parties assumed.

[8] The rule with respect to what the operator of the oncoming vehicle may assume when in his correct lane of travel is stated in *Jenkins v. Coach Co.*, 231 N.C. 208, 56 S.E. 2d 571 (1949), as follows:

> "A motorist, who is proceeding on his right side of the highway, is not required to anticipate that an automobile, which is coming from the opposite direction on its own side of the road, will suddenly leave its side of the road and turn into his path. He has the right to assume under such circumstances that

the approaching automobile will remain on its own side of the road until the vehicles meet and pass in safety."

**[9]** The rule with respect to what the operator of the turning vehicle may assume in making a left turn is stated in *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115 (1950), as follows:

"In considering whether he can turn with safety and whether he should give a statutory signal of his purpose, the driver of a motor vehicle, who undertakes to make a left turn in front of an approaching motorist, has the right to take it for granted in the absence of notice to the contrary that the oncoming motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle."

**[10]** The rule with respect to the duty of the operator of the turning vehicle is set forth in *Clarke v. Holman,* 274 N.C. 425, 163 S.E. 2d 783 (1968), as follows:

"This safety statute [G.S. 20-154] requires a motorist intending to turn from a direct line (1) to see that the movement can be made in safety, and (2) to give the required signal *when the operation of any other vehicle may be affected. Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754; *Farmers Oil Co. v. Miller,* 264 N.C. 101, 141 S.E. 2d 41. The first requirement does not mean that a motorist may not make a left turn unless the circumstances are absolutely free from danger. It means that a motorist must exercise reasonable care under existing conditions to ascertain that such movement can be made with safety."

**[11]** Although no exception was taken by either party thereto, we deem it proper to mention the instruction the judge gave in explaining to the jury how they were to consider and answer the first and second issues. These instructions would permit the jury to find that both Douglas and Johnson were negligent, regardless of whether such negligence had been alleged in the pleadings. As to Douglas, the court said:

"Now, members of the jury, the court instructs you that if the plaintiff has satisfied you by the greater weight of the evidence, the burden being on the plaintiff to so satisfy you, that on this occasion the defendant, Robert Eugene Douglas, was negligent and that such negligence was the proximate cause, or a proximate cause, of the injury and damage of which the plaintiff complained, then it would be your duty to answer this first

issue 'Yes.' If the plaintiffs have failed to so satisfy you, it will be your duty to answer the first issue 'No' . . . ."

As to Johnson, the court said:

"Now, members of the jury, the court instructs you that if you come to answer the second issue, and the defendant has satisfied you by the greater weight of the evidence that the plaintiff on the occasion of which he complained was negligent and that such negligence was a proximate cause or one of the proximate causes of the collision and damages of which it is complained, then the court instructs you if the defendant has so satisfied you, it would be your duty to answer the second issue 'Yes,' otherwise it would be your duty to answer it 'No.' "

The vice in these instructions is that the judge did not require the jury to find the party whose conduct was under investigation guilty of the negligence *as alleged* in the pleadings. The rule is that there must be both allegation and proof of negligence for it to be considered by the jury. *Eason v. Grimsley,* 255 N.C. 494, 121 S.E. 2d 885 (1961); *Fox v. Hollar,* 257 N.C. 65, 125 S.E. 2d 334 (1962).

Plaintiffs have other assignments of error which may have some merit but which may not recur on a new trial, and therefore we do not deem it necessary to discuss them.

We are of the opinion that the ends of justice require that there be a new trial on all the issues raised by the pleadings. *Paris v. Aggregates, Inc.,* 271 N.C. 471, 157 S.E. 2d 131 (1967). In our discretion, the judgment of the Superior Court is vacated and the cause is remanded in order that there may be a new trial on all the issues raised by the pleadings.

Error and remanded.

BRITT and PARKER, JJ., concur.