CHARLES W. DAVIS, ADMINISTRATOR OF THE ESTATE OF GENETTA ALLENE DAVIS RAY v. VIRGINIA COWAN CONNELL

No. 7219SC24

(Filed 29 March 1972)

1. Pleadings § 32; Rules of Civil Procedure § 15— amendment of answer during trial

In an action for wrongful death allegedly caused by the negligence of defendant in unlawfully attempting to pass a truck plaintiff's intestate was meeting, thereby causing plaintiff's intestate to apply her brakes suddenly in an attempt to avoid a head-on collision and to skid into the opposite lane where she collided with the oncoming truck, the trial court did not abuse its discretion in permitting defendant to amend her answer during the trial to allege that the collision was caused by defective brakes on intestate's automobile which caused the automobile to pull to the left when the brakes were applied, and that plaintiff's intestate had knowledge of such defect, where the motion was made before trial and was con-

sidered at a pretrial conference, and before allowing the amendment at the trial, the court conducted a voir dire examination at which time defendant presented testimony tending to support the allegations in her amended answer. G.S. 1A-1, Rule 15(a).

**2. Negligence § 34— contributory negligence — consideration of evidence**

In determining whether there was sufficient evidence to go to the jury on the issue of contributory negligence, the evidence must be considered in the light most favorable to defendant.

**3. Automobiles § 88— contributory negligence — sufficiency of evidence**

In an action for wrongful death allegedly caused by defendant's negligence in unlawfully attempting to pass a truck plaintiff's intestate was meeting, thereby causing plaintiff's intestate to apply her brakes in an attempt to avoid a head-on collision and to skid into the opposite lane where she collided with the oncoming truck, the trial court properly submitted an issue of contributory negligence to the jury where defendant's evidence tended to show that plaintiff's intestate was operating her automobile with brakes which she had reason to know were defective and would pull the automobile to the left when applied, the evidence of both parties indicated that when plaintiff's intestate applied the brakes the automobile skidded to the left, and defendant's evidence tended to show that she had pulled her automobile back into the right lane of traffic and cleared the opposite lane before plaintiff's intestate lost control of her automobile causing it to cross into the path of the truck.

**4. Automobiles § 21— sudden emergency**

Under the doctrine of sudden emergency, one who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made.

**5. Automobiles § 21— sudden emergency — person creating the emergency**

The principle of sudden emergency is not available to one who by his own negligence has brought about or contributed to the emergency.

**6. Automobiles § 90— failure to charge on sudden emergency**

In this wrongful death action wherein plaintiff alleged and presented evidence tending to show that his intestate lost control of her automobile and skidded into the path of an oncoming truck as a result of being suddenly confronted with the danger of a head-on collision with the vehicle in which defendant was unlawfully attempting to pass the truck, the trial court committed prejudicial error in failing to relate the doctrine of sudden emergency and the evidence pertinent thereto to the issue of plaintiff's contributory negligence.

APPEAL by plaintiff from *Collier, Judge,* 14 June 1971 Session of Superior Court held in MONTGOMERY County.

Davis v. Connell

Plaintiff's intestate was killed at approximately 8:45 a.m. on 3 July 1969 when the Falcon automobile she was operating on Highway #27 between Troy and Biscoe crossed over the center line and collided with a truck proceeding in the opposite direction. In this action for wrongful death, plaintiff alleges that the collision was caused by the negligence of defendant in unlawfully attempting to pass a line of vehicles, including the truck plaintiff's intestate was meeting, thereby causing plaintiff's intestate to apply her brakes suddenly in an attempt to avoid a head-on collision and to skid into the opposite lane into the path of the truck.

The evidence offered by the plaintiff tended to show the following: In the vicinity of the collision, Highway #27 is a two-lane asphalt highway, 20 feet in width, and running generally east-west between Biscoe and Troy. The shoulder of the eastbound lane is 7 feet and the shoulder of the westbound lane is 5 feet. There is an embankment approximately 10 feet high on each side of the highway. Proceeding in an easterly direction toward the collision scene, the highway is uphill for approximately three-quarters of a mile. A solid yellow line in the eastbound lane extends approximately 450 feet to the crest of the hill and the unobstructed view of a motorist proceeding up the hill is less than 500 feet.

Defendant was driving her Pontiac automobile in an easterly direction. About the time defendant reached the yellow line, she pulled from a line of traffic into the left lane for the purpose of passing a car and a truck in front of her. She got past the car and continued until her car was even with the truck. As defendant's car came abreast of the truck, and while it was still in the area of the yellow line in her lane, plaintiff's intestate came over the hill toward defendant, immediately applied brakes, and skidded to the left into the truck. Fletcher King, driver of the truck, stated that he was traveling about 40 miles an hour when defendant started to pass him. He testified further: "The Falcon car was about three car lengths from me when I first saw it. It had not begun to skid when I first saw it. The second I looked, it started. It was that quick. When I looked and saw the Falcon about three car lengths from me, the Pontiac at that time was along my window, straight across my window. The front of the Pontiac was even with my window."

Mrs. Helen Miller, driver of the car which defendant passed, testified:

"She passed me when my automobile was in this area here of the solid yellow line. She completed her passing of me. She got up even with the Dodge Truck operated by Mr. Fletcher King. As she got around me, she was still in the solid yellow line zone. As she passed me, as I said, I was going up the hill on a yellow line and I couldn't see any farther than what was in front of me. I couldn't see the other way if anything was coming. As I proceeded toward the crest of the hill, she was passing me, trying to pass the truck. I slowed up so that if she wanted to get back in, she could. Then I heard a crash. Relative to the Dodge Truck Mr. King was operating, she got up even with that. After that, I just heard the crash. That was the crash of the Falcon. She was trying to get back in, and when I say 'she' I mean Mrs. Connell. She did not get all the way back in. I skidded to keep from hitting her as the rear end of her car was sitting across the yellow line."

Defendant offered evidence tending to show that on occasions prior to the collision, Mrs. Ray's car had pulled to the left when brakes were applied. (Plaintiff presented rebuttal evidence that the car had been inspected and found without defect a short time before the collision.) Defendant's evidence also conflicted with that of plaintiff in various other respects.

Issues of negligence, contributory negligence and damages were submitted to the jury and the first two issues were answered in the affirmative. Judgment was entered upon the verdict and plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Brown, Brown & Brown by R. L. Brown, Jr., for defendant appellee.*

GRAHAM, Judge.

[1] Plaintiff contends the court erred in permitting defendant to file an amendment to her answer during the course of the trial. The amendment alleges that the collision was caused by defective brakes on the Falcon automobile; that plaintiff's intestate knew the brakes were defective, and that her negli-

Davis v. Connell

gence in operating the automobile in such a condition was a proximate cause of her death.

G.S. 1A-1, Rule 15(a) provides that leave to amend pleadings shall be freely given when justice so requires. Subsection (b) of Rule 15 provides in part: "If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

Defendant filed her motion to amend on 21 May 1971, and alleged therein that her counsel had first received information regarding defective brakes on the Falcon automobile on 3 May 1971; that the information was partly confirmed on 8 May 1971 and was finally confirmed on 21 May 1971. The motion was considered at pretrial conference on 26 May 1971 but a ruling on the motion was expressly held in abeyance until trial. Before allowing the amendment at the trial, the court conducted a voir dire examination at which time defendant presented testimony tending to support the allegations in her amended answer. In our opinion the court was acting well within its discretionary powers in allowing the amendment under these circumstances.

[2]  Plaintiff next assigns as error the submission of the issue of contributory negligence to the jury. In determining whether there was sufficient evidence to go to the jury on this issue, the evidence must be considered in the light most favorable to defendant. *Jones v. Holt*, 268 N.C. 381, 150 S.E. 2d 759; *Butler v. Wood*, 267 N.C. 250, 148 S.E. 2d 10.

[3]  Defendant's evidence was sufficient to permit a finding that plaintiff's intestate was operating her Falcon automobile with brakes which she had reason to know were defective and would pull the car to the left when applied. The evidence of both parties indicated that when plaintiff's intestate applied brakes the car skidded to the left. Moreover, defendant's evidence would support a finding that she had pulled her automobile back into the right lane of traffic and cleared the opposite lane before plaintiff's intestate lost control of her auto-

mobile causing it to cross into the path of the truck. We hold this evidence to be sufficient to require the submission of the second issue to the jury and overrule plaintiff's assignment of error with respect thereto.

Plaintiff challenges various portions of the court's jury charge and contends that the court failed to adequately relate the principles of law involved to the evidence in the case. This contention is well taken.

[4] The theory of plaintiff's claim, as set forth in the complaint, is that his intestate lost control of her automobile as a result of being suddenly confronted with the danger of a head-on collision with defendant's vehicle. The evidence, when considered in the light most favorable to plaintiff, supports this theory and compels application of the doctrine of sudden emergency to the issue of plaintiff's negligence. This doctrine, simply stated, is that " '[o]ne who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have done.' " *Cockman v. Powers*, 248 N.C. 403, 407, 103 S.E. 2d 710, 713.

In *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785, it is stated:

> "The rule is well established with us . . . that when a plaintiff is required to act suddenly and in the face of real, or under a reasonably well-founded apprehension of, impending and imminent danger to himself caused by defendants' negligence . . . he is not required to act as though he had time for deliberation and the full exercise of his judgment and reasoning faculties."

[5] The court instructed the jury that evidence of defendant's negligence was to be considered in the light of the sudden emergency doctrine but neglected to apply the doctrine to the issue of plaintiff's contributory negligence. The doctrine does not arise on the issue of defendant's negligence because the sudden emergency, if any, faced by defendant was clearly attributable to her negligence in unlawfully attempting to pass the vehicles in front of her. The principle of sudden emergency is not available to one who by his own negligence has brought about or contributed to the emergency. *Johnson v. Simmons*, 10 N.C. App. 113, 177 S.E. 2d 721, and cases cited.

**[6]**  On the other hand, the doctrine does arise on the evidence relating to plaintiff's negligence and is crucial to the theory of his case. Its importance was illustrated when the jury was readmitted to the courtroom to ask a question during deliberation. The foreman asked: "Does the law read that the operator of a car has to have a car under control at all times with no exceptions?" In answering this question the court reiterated general principles relating to the duty of a driver to maintain a proper lookout and to maintain his vehicle under proper control but did not mention the doctrine of sudden emergency and did not relate the principles of law to the evidence in the case. This could have left the jury under the impression that plaintiff's intestate was deemed negligent under the law even if her car went out of control as a consequence of prudent action on her part to avoid a head-on collision.

The failure of the court to relate the doctrine of sudden emergency and the evidence pertinent thereto to the proper issue constitutes prejudicial error requiring a new trial. *Day v. Davis*, 268 N.C. 643, 151 S.E. 2d 556; *Hunt v. Truck Supplies* and *Davis v. Truck Supplies*, 266 N.C. 314, 146 S.E. 2d 84.

New trial.

Judges CAMPBELL and BRITT concur.