DORIS M. BEAMAN v. RAYMOND GUY SHEPPARD AND THE TOWN OF SNOW HILL, A MUNICIPAL CORPORATION

No. 778SC95

(Filed 17 January 1978)

1. **Automobiles § 46— opinion evidence as to speed—admissibility**

   In an action to recover damages for personal injuries sustained in an automobile accident, the trial court did not err in allowing defendant to state his opinion as to the speed of plaintiff's vehicle where the evidence tended to show that defendant observed plaintiff's vehicle coming towards him continuously for about four car lengths or approximately eighty feet.

2. **Automobiles § 72— sudden emergency—sufficiency of evidence to support instruction**

   In an action to recover damages for personal injuries sustained in an automobile accident, the trial court did not err in instructing on the doctrine of sudden emergency where the evidence tended to show that defendant pulled his truck off the paved portion of the road because plaintiff's vehicle was headed directly towards him, and defendant pulled back onto the road to avoid hitting a road sign.

3. **Automobiles § 90— sudden emergency—insufficient instructions—party who may raise issue on appeal**

   Any error of the trial court in failing to relate properly the doctrine of sudden emergency to the issue of defendants' negligence was prejudicial to

defendants, and plaintiff, who was not prejudiced by such failure, could not raise the issue on appeal.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 4 October 1976 in Superior Court, GREENE County. Heard in the Court of Appeals 30 November 1977.

Plaintiff instituted this action to recover damages for personal injuries sustained in an automobile collision allegedly caused by the actionable negligence of defendants.

Defendants, answering jointly, denied any negligence on their part and pleaded in bar of plaintiff's action the contributory negligence of plaintiff. In addition, defendants set up a counterclaim for personal injury and property damage allegedly resulting from negligence of plaintiff. It is admitted in defendants' answer that at the time of the collision, defendant Raymond Guy Sheppard was operating a 1973 Chevrolet truck owned by defendant Town of Snow Hill, and was acting as an agent and servant of the Town of Snow Hill within the course and scope of his employment by said town.

Plaintiff's evidence tended to show that at approximately 8:00 a.m. on 29 March 1974, she was driving a Pontiac automobile in a northerly direction on Highway 91 just north of Snow Hill. The weather was dry and clear and plaintiff's automobile was in excellent condition. As plaintiff was proceeding along the highway in her lane, she observed a small red car approaching in the southbound lane. A truck was following closely behind the red car and as plaintiff met this car, the truck ran off the road on its right side. When the truck pulled back on the road, it immediately went into a skid and headed straight towards plaintiff's car, crossing the center line into plaintiff's lane of travel. Plaintiff was as far to the right as she could get in her lane, but was unable to avoid the collision. Plaintiff testified that she had passed a white car about a quarter of a mile before the scene of the accident and was traveling about 55 m.p.h.

Defendants' evidence tended to show that on the morning in question Alice Sutton was proceeding in a northerly direction along Highway 91 in a white Chevrolet. She had just rounded a curve and started down a straightaway when she was passed by plaintiff's automobile. At this time, a red car and a truck were

coming from the opposite direction and Mrs. Sutton saw the red car pull off the road onto the right shoulder. Mrs. Sutton slowed down to enable plaintiff to return to the northbound lane. The truck traveling behind the red car had also pulled off the road. Mrs. Sutton measured the distance from where she was passed to the point of collision to be 125 of her paces. Raymond Sheppard, Jr. testified that he was driving a red car south on Highway 91 and had observed his father, defendant Raymond Sheppard, Sr., in a truck at an intersection; he did not see his father's truck again until after the collision. He further testified that he saw plaintiff's automobile pull out to pass and that when he realized she was going to hit him, he braked and pulled off the road onto the shoulder. Defendant Raymond Sheppard, Sr. testified that on the date in question he was traveling in a truck behind his son's car when he saw it pull off the road. Plaintiff's automobile was headed towards him so he pulled his truck to the right. Thinking he was going to hit a sign, defendant pulled back to the road and hit his brakes; his truck started sliding and collided with plaintiff's automobile. Defendant testified that, in his opinion, plaintiff's automobile was traveling 65 to 70 m.p.h. just prior to the collision. Teresa Whitley testified that she was driving behind defendant's truck and that the collision took place in the center of the road.

The jury found that the plaintiff was not injured by defendants' negligence; that defendant Sheppard and defendant Snow Hill were injured and damaged, respectively, by plaintiff's negligence; and that defendants were entitled to recover a total of $53,073.85 for such injury and damage. Plaintiff appealed to this Court.

*White, Allen, Hooten & Hines, by Thomas J. White III, and Wallace, Langley, Barwick, Llewellyn and Landis, by R. S. Langley, for the plaintiff.*

*Teague, Johnson, Patterson, Dilthey & Clay, by C. Woodrow Teague and Dan M. Hartzog, and Lewis, Lewis & Lewis, by John B. Lewis, Jr., for the defendants.*

MARTIN, Judge.

[1]   Plaintiff first contends that the trial court erred in allowing, over objection, defendant Sheppard to state his opinion as to the

speed of plaintiff's vehicle. Plaintiff argues that defendant did not have sufficient opportunity under the circumstances to judge the speed of plaintiff's vehicle and form an intelligent opinion.

The rule is well established that it is competent for a person of ordinary intelligence and experience to state his opinion as to the speed of a vehicle when he has had *reasonable opportunity to observe* the vehicle and judge its speed. *State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557 (1968); *State v. McCall,* 31 N.C. App. 543, 230 S.E. 2d 195 (1976); *Johnson v. Douglas and Ferguson v. Douglas,* 6 N.C. App. 109, 169 S.E. 2d 505 (1969). The trial court must determine from the facts and circumstances as they appear in the evidence whether the witness has had a reasonable opportunity to observe the vehicle and judge its speed. *Johnson v. Douglas* and *Ferguson v. Douglas, supra.*

In the instant case, defendant testified to the effect that he observed the plaintiff's vehicle coming towards him continuously for about four car lengths or approximately 80 feet. He then stated that, in his opinion, plaintiff's vehicle was traveling 65 to 70 miles per hour. Though similar to the facts of cases in which such opinion testimony was excluded, *see Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821 (1956); *Johnson v. Douglas* and *Ferguson v. Douglas, supra,* the instant case is distinguishable in that defendant's observation of plaintiff's vehicle was continuous — an important factor in assessing the sufficiency of his observation. Any question as to defendant's ability to judge the speed of plaintiff's vehicle based on his opportunity to observe goes to the weight of his testimony rather than its admissibility. *Ray v. Membership Corp.,* 252 N.C. 380, 113 S.E. 2d 806 (1960); *State v. McCall, supra.* Accordingly, this contention is without merit.

[2] Plaintiff further contends that the trial court erred in its charge to the jury relative to the doctrine of sudden emergency. She argues, in the first instance, that the doctrine of sudden emergency was not applicable to the instant case, and additionally, that the court failed to relate the instructions on the doctrine to any issue in the case.

Defendants in the instant case invoked and relied upon the doctrine of sudden emergency. This doctrine, simply stated, is that " '[o]ne who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as

a person of ordinary care and prudence, similarly situated, would have made.'" *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785 (1962). *Davis v. Connell*, 14 N.C. App. 23, 187 S.E. 2d 360 (1972). Defendants' evidence tended to show that defendant Sheppard pulled his truck off the paved portion of the road because plaintiff's vehicle was headed directly towards him; and he pulled back onto the road to avoid hitting a road sign. Thus, the evidence was clearly sufficient to raise an inference that defendant was confronted by a "sudden emergency." Accordingly, it was for the jury to determine the effect of the doctrine on the facts of the instant case and an instruction thereon was proper. *See Day v. Davis*, 268 N.C. 643, 151 S.E. 2d 556 (1966); *Davis v. Booth*, 29 N.C. App. 742, 225 S.E. 2d 588 (1976).

[3] After instructing the jury on the substantive issues arising in the case, the trial court, without relating it to any particular issue, gave the jury a correct general instruction relating to the doctrine of sudden emergency. Plaintiff contends that this was error for which she is entitled to a new trial. We cannot agree.

It is true that our Supreme Court has held that where a party is charged with negligence, the failure to relate that party's plea of sudden emergency and the evidence pertinent thereto to the issue of negligence is erroneous and prejudicial, and is not cured by a later general instruction not related to the particular issue. *Day v. Davis, supra; Hunt v. Truck Supplies*, 266 N.C. 314, 146 S.E. 2d 84 (1966). In the instant case, it is defendants who seek to have the jury scrutinize their actions in light of the sudden emergency doctrine. Thus, any failure to properly relate this doctrine to the issue of defendants' negligence before the jury is prejudicial to *defendants*; plaintiff, however, is not prejudiced thereby and cannot be heard to complain. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968).

Plaintiff's remaining assignments of error are without merit. The judgment of the trial court is hereby affirmed.

Chief Judge BROCK and Judge CLARK concur.