FRANCES CARRINGTON, Plaintiff v. REBECCA BOWEN EMORY, Defendant

No. COA05-1574

(Filed 17 October 2006)

**Negligence— instruction—doctrine of sudden emergency**

The trial court erred in a personal injury and property damage case arising out of a motor vehicle collision by denying plaintiff's request for an instruction on the doctrine of sudden emergency, and plaintiff is entitled to a new trial, because: (1) considered in the light most favorable to plaintiff, there was substantial evidence that plaintiff did not negligently create or contribute to the emergency, and that any negligent acts of plaintiff occurred after she was confronted with the emergency; (2) plaintiff presented evidence that she had the right-of-way at a green light and was traveling under the speed limit due to rainy conditions, plaintiff showed caution by braking when she first thought defendant might turn across her lane, plaintiff resumed her forward travel upon seeing defendant stop, defendant pulled in front of plaintiff's vehicle, and defendant admitted that plaintiff could not have

continued in her lane of travel without striking defendant's vehicle; (3) the trial court's instruction focused only on the reasonable person determination and did not embody the less stringent standard of care in the face of a specific external force such as defendant's car impeding plaintiff's lane of traffic; and (4) plaintiff has shown that the failure to include a jury instruction on the doctrine of sudden emergency likely misled the jury.

Appeal by plaintiff from judgment entered 1 July 2005 by Judge W. Osmond Smith, III in Durham County Superior Court. Heard in the Court of Appeals 21 August 2006.

*The Law Office of James Scott Farrin, by Kenneth M. Gondek, for plaintiff-appellant.*

*Bryant, Patterson, Covington, Idol & Lewis, P.A., by David O. Lewis, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff, Frances Carrington, brought this action seeking money damages for personal injury and property damage allegedly sustained when her motor vehicle collided with one operated by defendant, Rebecca Emory, on 4 June 2003. Plaintiff alleged the collision occurred as a result of negligence on defendant's part; defendant denied plaintiff's allegations and asserted plaintiff's contributory negligence as an affirmative defense.

Briefly summarized only to the extent necessary to discuss plaintiff's contentions on appeal, the evidence at trial tended to show that on 4 June 2003, at around 8:00 a.m., plaintiff and defendant were both traveling on Roxboro Road in Durham. It had rained earlier in the morning. Roxboro Road has two lanes of traffic in both directions and a left turn lane at the intersection of Roxboro and Olympic in both directions. Plaintiff was traveling in the left northbound lane. Defendant was traveling south and, immediately before the collision, moved into the left turn lane at the intersection of Roxboro and Olympic. Though the parties offered conflicting evidence as to some of the facts related to the accident, their evidence is consistent that defendant began her left turn as plaintiff approached. Seeing plaintiff approach, defendant ultimately stopped her car partially within plaintiff's lane. Plaintiff swerved her vehicle to the left. The right rear panel of plaintiff's car struck the right front corner of defendant's car.

At the charge conference, plaintiff requested a jury instruction on the doctrine of sudden emergency. The trial judge denied plaintiff's request, saying "I think both of you can argue that the applicable law, even without that charge, is what is reasonable under the circumstances." The jury found defendant negligent and plaintiff contributorily negligent. Pursuant to N.C.G.S. 1A-1, Rule 59, plaintiff moved for a new trial on the grounds that the trial court had erred in denying her request for an instruction on the doctrine of sudden emergency. The motion was denied. Plaintiff appeals. We reverse and order a new trial.

---

A trial court must instruct the jury on the law with regard to every substantial feature of a particular case. *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 87 N.C. App. 438, 445, 361 S.E.2d 608, 612 (1987). To prevail on the issue of error in refusing a request to instruct the jury on a particular instruction, plaintiff must demonstrate:

> (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury.

*Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274 (2002).

Under the first element, the jury instruction requested was a correct statement of the law. Plaintiff requested North Carolina Pattern Jury Instruction 104.40 on the doctrine of sudden emergency. *See* N.C.P.I. Civ. 104.40 (Motor Vehicle Volume). Jury instructions in accord with a previously approved pattern jury instruction provide the jury with an understandable explanation of the law. *State v. Anthony*, 354 N.C. 372, 395, 555 S.E.2d 557, 575 (2001).

Essential to the analysis of the second element, whether the charge requested was supported by the evidence, the evidence must be considered in the light most favorable to the party requesting the jury instruction. *Long v. Harris*, 137 N.C. App. 461, 467, 528 S.E.2d 633, 637 (2000); *see also Bolick v. Sunbird Airlines, Inc.*, 96 N.C. App. 443, 448-49, 386 S.E.2d 76, 79 (1989), *aff'd*, 327 N.C. 464, 396 S.E.2d 323 (1990).

To receive a jury instruction on sudden emergency, plaintiff must present substantial evidence showing, first, she perceived an emergency situation and reacted to it, and second, the emergency was not

created by plaintiff's negligence. *Long*, 137 N.C. App. at 467, 528 S.E.2d at 637. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Banks v. McGee*, 124 N.C. App. 32, 34, 475 S.E.2d 733, 734 (1996) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). An emergency situation has been defined as that which compels a party to "act instantly to avoid a collision or injury." *Holbrook v. Henley*, 118 N.C. App. 151, 154, 454 S.E.2d 676, 678 (1995) (quoting *Keith v. Polier*, 109 N.C. App. 94, 98-99, 425 S.E.2d 723, 726 (1993)). "[A] sudden emergency arises in most, if not all, motor vehicle collisions, but the doctrine of sudden emergency is applicable only when there arises from the evidence in the case an issue of negligence by an operator after being confronted by the emergency." *White v. Greer*, 55 N.C. App. 450, 453-54, 285 S.E.2d 848, 851 (1982).

As to the perception and reaction to an emergency situation, plaintiff presented evidence that on initially seeing defendant's car she did not believe defendant was going to stop before turning. Plaintiff applied her brakes and reduced her speed. Plaintiff saw defendant's car stop within the turn lane, outside of plaintiff's lane of travel. Plaintiff proceeded forward, accelerating to regain speed. After this first stop, defendant then advanced to start turning across the road before coming to a second stop. At this point, the front third of defendant's car was stopped in plaintiff's lane of travel. Plaintiff testified that this second stop occurred when plaintiff was almost at the intersection. In addition, plaintiff indicated that she could not stop her car in time to avoid hitting defendant's car. Plaintiff swerved as a reaction to defendant's car impeding her lane of travel. She testified that the maneuver was taken in an attempt to avoid a head-on collision. Plaintiff provided substantial evidence that she perceived an emergency situation and reacted to it.

As to whether plaintiff negligently created the emergency, the defendant contends that plaintiff failed to maintain both a proper lookout and control of her vehicle. For the sudden emergency doctrine to be improper on this point, the evidence suggesting plaintiff brought about or contributed to the emergency through her negligence must be strong enough to preclude the potential for substantial evidence to the contrary. *See Day v. Davis*, 268 N.C. 643, 647, 151 S.E.2d 556, 559 (1966) (applying the sudden emergency doctrine under similar facts and leaving defendant's allegations of contributory negligence "for jury determination under proper instructions."). Considered in the light most favorable to plaintiff, there was sub-

stantial evidence to permit the jury to find that plaintiff did not negligently create or contribute to the emergency. Plaintiff presented evidence that she had the right-of-way at a green light and was traveling under the speed limit due to the rainy conditions. When plaintiff first thought defendant might turn across her lane, she showed caution by braking. Seeing defendant stop, plaintiff resumed her forward travel. Defendant then pulled in front of plaintiff's vehicle. Defendant admitted that plaintiff could not have continued in her lane of travel without striking defendant's vehicle. Based on this evidence, the jury could find that defendant's actions, rather than plaintiff's, were the cause of the sudden emergency and that any negligent acts of the plaintiff occurred after she was confronted with the emergency.

The jury instruction, as given, failed to encompass the substance of the sudden emergency doctrine. Plaintiff requested the following instruction:

A person who, through no negligence on her part, is suddenly and unexpectedly confronted with peril arising from either the actual presence, or the appearance of, imminent danger to herself or to others, is not required to use the same judgment that is required when there is more time to decide what to do. Her duty is to exercise only that care which a reasonably careful and prudent person would exercise in the same situation. If at that moment her choice and manner of action might have been followed by such a person under the same conditions, she does all that the law requires of her, although in the light of after-events it appears that some different action would have been better and safer.

N.C.P.I. Civ. 104.40 (Motor Vehicle Volume). After denying plaintiff's request, the trial court instructed the jury on plaintiff's theory of defendant's negligence, defendant's theory of plaintiff's contributory negligence, and that plaintiff had a duty to exercise the care a "reasonably careful and prudent person would exercise under the same or similar circumstances."

The doctrine of sudden emergency, however, "provides a less stringent standard of care for one who, through no fault of his own, is suddenly and unexpectedly confronted with imminent danger to himself or others." *Holbrook*, 118 N.C. App. at 153, 454 S.E.2d at 677-78. The doctrine gives courts a means of explaining to the jury the effect of external forces on whether a duty of care was breached. *Bolick*, 96 N.C. App. at 448, 386 S.E.2d at 79. The instruction specifically indicates that an imprudent act in response to an emergency

may be found reasonable in light of the circumstances. In the present case, the emergency itself was a substantial feature of the case. The trial court's instruction, however, focused only on the reasonable person determination and did not embody the less stringent standard of care in the face of a specific external force, such as defendant's car impeding plaintiff's lane of traffic. As a result, the instruction given did not encompass the substance of the sudden emergency doctrine.

Finally, plaintiff has shown that the failure to include a jury instruction on the doctrine of sudden emergency likely misled the jury. When a party makes a correct request for a jury instruction, failure by the trial court to provide the substance of the instruction "will constitute reversible error." *McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 182, 527 S.E.2d 712, 715 (2000) (quoting *Calhoun v. Highway Comm'n*, 208 N.C. 424, 426, 181 S.E. 271, 272 (1935)). Reversible error has been found in the failure to provide the substance of the doctrine of sudden emergency when appropriate. *See Day*, 268 N.C. at 648, 151 S.E.2d at 560; *Davis v. Connell*, 14 N.C. App. 23, 29, 187 S.E.2d 360, 364 (1972). Further, "if an appellate court is unable to determine whether an erroneous instruction prejudiced a plaintiff, the plaintiff is entitled to a new trial." *Orthodontic Ctrs. of Am., Inc. v. Hanachi*, 151 N.C. App. 133, 136, 564 S.E.2d 573, 575 (2002) (citing *Word v. Jones*, 350 N.C. 557, 565, 516 S.E.2d 144, 149 (1999)).

New Trial.

Judges HUNTER and McCULLOUGH concur.