BRENDA JOYCE W. DAVIS, ADMINISTRATRIX OF THE ESTATE OF
JAMES WAINWRIGHT v. GRACE BOOTH

No. 763SC42

(Filed 16 June 1976)

Automobiles § 72— sudden emergency — contributing to emergency — jury
question

> The trial court did not err in instructing the jury with respect
> to the doctrine of sudden emergency where the evidence tended to
> show that defendant looked into her rear view mirror and saw a
> black youth, whom she had agreed to give a lift in her automobile,
> sliding across the back seat and coming toward her with his hands,
> and it was for the jury, not the court, to say whether defendant had
> contributed to the creation of the sudden emergency by placing the
> black youth in the back seat of her car.

APPEAL by plaintiff from *Browning*, Judge. Judgment en-
tered 16 September 1975 in Superior Court, PITT County. Heard
in the Court of Appeals 3 May 1976.

This is a civil action wherein the plaintiff, Brenda Joyce
W. Davis, Administratrix of the estate of James Wainwright,
is seeking damages from the defendant, Grace Booth, allegedly
arising from the death of deceased due to the negligence of de-
fendant in the operation of an automobile.

At trial before a jury, plaintiff offered evidence tending
to show the following:

On 17 July 1974, the defendant, a forty-five year old white
female, had been shopping at Harris' Super Market in Green-
ville, North Carolina. When she came out of the store, Sylvester
Joyner, a sixteen year old black male, asked her for a ride out
to the Stantonsburg Highway. She agreed, and he got into the
car, sitting in the right rear seat. The defendant had a small
dog which sat alternately on her left side or on her shoulder as
she drove. As she proceeded out of town on N. C. 43, the defend-
ant passed the turnoff to the Stantonsburg Highway without
turning. Joyner yelled, "Whoa." The dog started barking and
the defendant looked back and started yelling at Joyner. She
lost control of the car and pressed the accelerator. She ran off
the road, over a small drainage ditch, and into the yard of James
Wainwright, the deceased.

Defendant's car traveled 240 feet from the paved portion
of the highway before coming to a stop after hitting deceased

and two trees. The deceased, who had been sitting in a chair in his yard, was killed when defendant's car pinned him against one of the trees.

When the car came to a stop, Joyner asked defendant if she was all right. He then became frightened because of what people would think of him riding with a white woman, so he ran.

Defendant's testimony tended to show the following: She was giving Joyner a ride out N. C. 43. She knew he wanted to go past the hospital but she did not know where he wanted to get out of the car. Her dog was riding in the seat, sitting on her right side. As they passed the hospital, she glanced in the rear-view mirror and saw Joyner sliding across the seat. She turned around and Joyner was behind her with his hands up, coming toward her; the defendant screamed and lunged forward. She lost control of the car, hitting deceased. Joyner never said anything to the defendant. When the car stopped, he got out and ran.

From judgment entered on the jury verdict that Wainwright's death was not "a direct and proximate result of the negligence of the defendant, Grace Booth," plaintiff appealed.

*James, Hite, Cavendish, and Blount by Robert D. Rouse, III, for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey and Clay by Ronald C. Dilthey and Robert W. Sumner for defendant appellee.*

HEDRICK, Judge.

By her first three assignments of error, plaintiff contends the court erred in its instruction to the jury with respect to the "doctrine of sudden emergency." In her brief, plaintiff states:

"Plaintiff contends that the trial judge gave erroneous instructions to the jury on the law of who had the burden of proof in establishing the affirmative defense of the sudden emergency doctrine, by placing this burden on the plaintiff rather than the defendant."

The sudden emergency rule is a mere application of the rule of the prudent man. It raises no separate issue with reference to the burden of proof. *Foy v. Bremson*, 286 N.C. 108, 209 S.E. 2d 439 (1974). We have carefully considered the exceptions

upon which plaintiff bases the contention set out above and find them to be without merit. The court's instructions to the jury with respect to the burden of proof as to the issue of defendant's negligence were entirely correct.

Next plaintiff contends the court erred in instructing the jury with respect to the "doctrine of sudden emergency" since all of the evidence showed that defendant contributed to the creation of the sudden emergency "by placing the black youth in the back seat of her car." In *Bremson, supra,* at 120, Chief Justice Bobbitt wrote:

> "Instructions with reference to the rule applicable when a motorist is confronted by a sudden emergency should be given whenever the evidence discloses a factual situation appropriate for such instructions."

The evidence in the present case was clearly sufficient to raise an inference that the defendant was confronted by a "sudden emergency" when she looked into the mirror and saw the youth sliding across the seat and coming toward her with his hands, and that her reaction was not negligence when viewed in light of the rule of the prudent man. It was for the jury, not the court, to say whether defendant had contributed to the creation of the sudden emergency. We hold the court correctly, fairly and adequately declared and explained the law arising on the evidence given in the case with respect to the defendant's negligence. These assignments of error are overruled.

Plaintiff's other assignments of error are formal in nature and raise no new question. We hold the plaintiff had a fair trial free from prejudicial error.

No error.

Chief Justice BROCK and Judge CLARK concur.