JOHNNY RAY BAKER v. DR. PEPPER BOTTLING CO.
OF WILSON, INC.

No. 707SC564

(Filed 16 December 1970)

**Automobiles § 57— highway intersection collision — sufficiency of evidence**

Plaintiff's evidence that defendant's agent, who was traveling on
a servient road, approached the dominant road on which plaintiff was
traveling and stopped in obedience to a stop sign controlling the
servient road, and that defendant's agent then proceeded onto the
dominant road at a time when plaintiff was in such proximity to the
servient road that the agent's movement could not be made in safety,
*held* sufficient to permit, but not compel, the jury to find that the
agent was negligent in one or more respects and that his negligence
proximately caused plaintiff's injuries.

APPEAL by plaintiff from *Peel, J.,* 4 May 1970 Civil Session,
NASH Superior Court.

This civil action was instituted by plaintiff to recover
damages for personal injuries allegedly received by plaintiff
when a bread truck operated by him collided with a truck owned
by defendant and operated by its employee at the intersection
of U.S. Highway 301-A and rural paved road 1340 in Wilson
County on 27 June 1969. Pertinent allegations of the complaint
are summarized as follows: At about 10:45 a.m. on said date
plaintiff was operating a bread truck in a southerly direction
on U.S. 301-A and defendant's driver was operating defendant's
truck in a westerly direction on road 1340. At the intersection
of said roads 301-A was designated as the dominant highway
and 1340 the servient highway, ;with stop signs being duly
erected on 1340 on each side of 301-A. As plaintiff approached
the intersection, he observed defendant's driver approach the
eastern side of 301-A and stop; just before plaintiff arrived
at the intersection, defendant's driver drove defendant's truck
into the intersection, causing the collision and plaintiff's result-
ing injuries. The collision and injuries were proximately caused
by defendant's driver's negligence, particularly his failure to
yield the right-of-way to plaintiff, his failure to keep a proper
lookout, and his failure to keep defendant's truck under proper
control.

In its answer, defendant denied any negligence on the part
of its driver and further alleged that plaintiff was contribu-

torily negligent in that he drove at an excessive rate of speed, failed to decrease his speed at an intersection and when a special hazard existed, failed to keep his truck under proper control, and failed to exercise due care in avoiding a collision.

Both parties offered evidence generally supporting their respective allegations. The posted speed limit on 301-A was 45 mph, and plaintiff testified that he was driving 40-45 mph. The investigating patrolman testified that one tire mark 39 feet long and another 53 feet long led northward from the vehicle operated by plaintiff; that plaintiff's vehicle was damaged about its front and defendant's vehicle was damaged near its right rear. Defendant's evidence disclosed that its truck was approximately 27 feet long—the same as the width of 301-A at the intersection—that it was loaded at the time giving it a total weight of 18,000 pounds, and that it was overturned in the highway.

At the conclusion of plaintiff's evidence and at the conclusion of all the evidence, defendant moved for a directed verdict on the grounds of (1) absence of negligence on the part of defendant's driver, (2) contributory negligence as a matter of law on the part of plaintiff, and (3) errors committed during the course of the trial. The motion was denied when first made but allowed at the close of all the evidence. From judgment dismissing the action and taxing him with the cost, plaintiff appealed.

*Thorp and Etheridge by William D. Etheridge for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley by Samuel S. Woodley, Jr. for defendant appellee.*

BRITT, Judge.

Did the trial court err in allowing defendant's motion for a directed verdict? We hold that it did.

Considered in the light most favorable to him, plaintiff's evidence indicated that defendant's agent while traveling on the servient road approached the dominant road, stopped in obedience to a stop sign controlling the servient road, and proceeded onto the dominant road at a time when plaintiff was traveling thereon in such proximity that the agent's movement

could not be made in safety. The evidence was sufficient to permit, but not compel, the jury to find that defendant's agent was negligent in one or more of the respects alleged and that his negligence proximately caused plaintiff's injuries. *Day v. Davis,* 268 N.C. 643, 151 S.E. 2d 556; *Hawes v. Refining Co.,* 236 N.C. 643, 74 S.E. 2d 17. Plaintiff's evidence did not disclose contributory negligence as a matter of law.

The evidence for defendant concerning the length of the skid marks of plaintiff's vehicle, the great force with which plaintiff's vehicle struck the heavy truck of defendant, the openness of the road at the scene of the collision, and the ease with which plaintiff could have avoided the collision, was sufficient to permit, but not compel, the jury to find that plaintiff was contributorily negligent. *Hawes v. Refining Co., supra.*

The evidence presented made out a case for the jury on the usual issues of negligence, contributory negligence, and amount of damage, therefore, the judgment appealed from is

Reversed.

Judges CAMPBELL and HEDRICK concur.