The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification regarding the employer-employee relationship.
Although defendants did not formally object to the stipulation contained in the Deputy Commissioner's Opinion and Award that an employee-employer relationship existed, the Full Commission nevertheless, in its discretion, strikes this stipulation finding that it was a patent error in the Deputy Commissioner's Opinion and Award, in that, one of the issues addressed by the Deputy Commissioner was that of the existence of an employment relationship. Further, the very Pre-Trial Agreement stipulated and submitted by both parties indicates the employment relationship was at issue.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The date of the alleged injury was June 3, 1994.
3. North Carolina Farm Bureau Mutual Insurance Company was the carrier on the risk.
4. In addition, the parties stipulated to the following medical records:
a. Dr. Christopher A. Perry (12 pp.)
b. Dr. William M. Smith
c. Bristol Regional Medical Center (7 pp.)
d. Prescription bills
e. Recorded statement of plaintiff
f. Forms 18 and 19
5. A Pre-Trial Agreement signed by both parties on May 12, 1995 is a part of the evidentiary record.
6. Following the hearing, the depositions of Dr. Christopher Perry, Chiropractor, and Ms. Lynn Stuchel were taken and are made a part of the evidentiary record.
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a male, thirty-five years of age, born on June 24, 1961.
2. Plaintiff's father is Samuel Church, the sole proprietor of Church's Nursery and Evergreens. Plaintiff lived with his father near the tree farm, where he periodically worked.
3. Samuel Church estimated at the hearing before the Deputy Commissioner that during the period of time from March 15, 1994 through June 3, 1994 plaintiff worked twenty-five to thirty days at an average of $50.00 per day. This would result in an average weekly wage of between $108.02 per week to $129.03 per week.
4. On June 3, 1994, plaintiff allegedly stepped into a hole and fell while carrying approximately fifty pounds of fertilizer on his back. He was alone at the time. He continued working for two or three days after the accident.
5. Mr. Samuel Church did not learn of the injury until plaintiff confronted him several weeks after the alleged incident had occurred and subsequent to the plaintiff's moving to Tennessee.
6. While plaintiff was sporadically working for Samuel Church, he was paid fifty dollars a day and when he worked full-time he earned approximately $300.00 a week. In addition, according to Samuel Church and Karen Church, plaintiff's sister-in-law who kept documents regarding plaintiff's wages, he periodically worked and the fifty dollar a day fee was frequently utilized to offset debts that plaintiff had incurred. Even though plaintiff may have worked occasionally to offset debts, this does not prevent the establishment of an employment relationship and the money plaintiff earned is nevertheless considered income even if it was used to repay debts.
7. At the initial hearing, plaintiff stated he had been employed by Church's Nursery and Evergreens on a full-time basis for the fifty-two weeks prior to June 3, 1994. However, plaintiff acknowledged that the work he had actually done for Church's Nursery during the fifty-two previous weeks was contract work in November and December of 1993 and additional work from mid-March through June of 1994. These dates were confirmed by Samuel Church and Karen Church. According to Samuel Church, himself, plaintiff worked at least half of the available work days and according to the nursery secretary plaintiff worked 3 or 4 days per week. Although, according to Samuel and Karen Church, plaintiff was not a full-time employee, he would frequently take leave to do landscaping jobs for others in the vicinity, he was never placed on a regular work schedule, and he was paid in cash, his work was nevertheless a part of defendant-employer's regular business regardless of the sporadic nature of the work. Therefore, plaintiff's employment cannot be considered casual.
8. Plaintiff was not truthful regarding the answers he gave to questions posed in defendants' interrogatories. During cross examination he admitted that although asked to list every job he had held and also asked to list his criminal convictions, he had not done so in an accurate manner. In addition, although plaintiff stated in his recorded statement that he had never worked anywhere other than Church's Nursery, he admitted on cross examination at the hearing before the Deputy Commissioner that he worked for Holly Farms and performed landscape work in Florida and in North Carolina, in a partnership, and for himself.
9. Based on plaintiff's demeanor, the omissions in his sworn responses to interrogatories and inconsistencies between his recorded statement, interrogatories and testimony at the trial, plaintiff's testimony is not credible.
10. Furthermore, regarding plaintiff's credibility, it is important that plaintiff had a prior history of back problems about which he was not truthful. Medical records revealed plaintiff's complaints of sciatica as far back as 1991.
11. In fact, Samuel Church stated that plaintiff had attempted to enlist in the Armed Forces approximately ten years prior to the hearing before the Deputy Commissioner but was unable to complete Basic Training due to back problems.
12. Furthermore, both Karen Church and Samuel Church stated plaintiff was frequently out of work when he was supposed to be laboring for Church's Nursery, due to back pain prior to June 3, 1994. Even when he was working, he complained about his back on a routine basis.
13. Plaintiff's medical records with his treating chiropractor are not consistent with plaintiff's story regarding his alleged injury as related by him at the hearing before the Deputy Commissioner. On the application for treatment with the chiropractor, plaintiff did not associate the condition of his back with any incident at work until after he was prompted by the chiropractor's staff. His initial report on his application for treatment is consistent with the history he has had over the past ten years with significant back pain.
14. Although plaintiff's work for defendant-employer was sporadic, the work he performed was a part of the employer's regular business. Therefore, plaintiff was not a casual employee and the employee-employer relationship existed between plaintiff and defendant-employer at the time of the alleged injury.
15. However, the alleged fall in a hole, while plaintiff was working on June 3, 1994 is not accepted as credible due to the plaintiff's demeanor, his evident lack of veracity regarding his criminal record and inconsistencies between his testimony at the hearing and statements in his recorded statement to the insurance adjuster as well as omissions and contradictions between the answers to interrogatories and his testimony at the hearing, including his omissions regarding his previous medical history. Therefore, plaintiff has not proved by the greater weight of the credible evidence of record that he sustained any injury on June 3, 1994.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was not a casual employee and the employee-employer relationship existed between plaintiff and defendant-employer on June 3, 1994, the date of the alleged injury. N.C. Gen. Stat. § 97-2(2)
2. Although plaintiff was a regular employee of defendant-employer, he did not sustain an injury by accident or a specific traumatic incident of the work assigned on June 3, 1994. N.C. Gen. Stat. § 97-2(2) and § 97-2(6).
3. Plaintiff's testimony was not credible, and he failed to prove by the greater weight of the credible evidence of record presented at the hearing before the Deputy Commissioner that he was injured as a result of duties he performed for defendant-employer. Concerning the credibility of a witness or claimant in a Workers' Compensation hearing, the Court of Appeals has held that the Commission is the sole judge of the credibility of a witness and the weight to be given to the testimony. Robbinsv. Nicholson, 10 N.C. App. 126, 161 S.E.2d 619 (1968). Pollardv. Krispy Waffle #1, 63 N.C. App. 354, 304 S.E.2d 762 (1983).
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim is hereby, and the same shall be, DENIED.
2. Each side shall bear its own costs due the Commission.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
S/ _____________________ COY M. VANCE COMMISSIONER