ORTHODONTIC CENTERS OF AMERICA, INC. AND ORTHODONTIC CENTERS OF NORTH CAROLINA, INC., PLAINTIFFS V. FARID HANACHI AND FARID HANACHI D.D.S., P.A., DEFENDANTS

No. COA01-486

(Filed 18 June 2002)

**Contracts; Appeal and Error— legality—burden of proof— instructions—prejudice—court unable to determine**

The trial court erred in an action on a partnership agreement for orthodontic services by erroneously instructing the jury that plaintiffs had the burden of proving that the contract they sought to enforce was legal. The contract was presumed to be legal; ille-

gality was an affirmative defense which defendants had the burden of proving. It is likely that the instruction misled the jury; in any event, the plaintiff is entitled to a new trial if the appellate court is unable to determine whether an erroneous instruction prejudiced a plaintiff.

Appeal by plaintiffs from judgment filed 8 June 2000 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 March 2002.

*Glover & Petersen, P.A., by James R. Glover, for plaintiff-appellants.*

*James, McElroy & Diehl, P.A., by Gary S. Hemric, John R. Buric, and Preston O. Odom, III, for Defendant-appellees.*

GREENE, Judge.

Orthodontic Centers of America, Inc. (OCA) and Orthodontic Centers of North Carolina, Inc. (collectively, Plaintiffs) appeal a judgment filed 8 June 2000 ordering Farid Hanachi (Hanachi) and Farid Hanachi D.D.S., P.A. (collectively, Defendants) to pay Plaintiffs the sum of $247,000.00.

In June 1994, Hanachi entered into a partnership agreement with Orthodontic Centers Software Systems, Inc. (OCSS)[1] whereby OCSS would provide a bundle of services to Defendants. OCA's partnership with Hanachi dissolved in October 1994 due to a restructuring of OCA's relationship with their orthodontists. OCA, however, continued to provide services to Hanachi until he notified OCA, in a letter dated 2 April 1998, that effective 31 March 1998, he wished to terminate all services provided by Plaintiffs. On 5 June 1998, Plaintiffs filed a complaint against Defendants alleging, in pertinent part, breach of an oral seven-year contract and *quantum meruit.* In their answer and counterclaim, Defendants denied the allegations in Plaintiffs' complaint and counterclaimed for an accounting of the relationship between the parties and any credits due Defendants.

A jury trial was held on Plaintiffs' causes of action and Defendants' counterclaim. After the close of the evidence, the trial court conducted a charge conference in which it noted that at Defendants' request, it intended to give an instruction on the le-

---

1. OCA was formed in October 1994 and is the successor corporation to OCSS.

gality of the alleged contract. Plaintiffs objected to the trial court's proposed instruction. The trial court indicated that consistent with the North Carolina Pattern Jury Instructions for Civil Cases (N.C.P.I.), it would instruct the jury on the issue of legality over Plaintiffs' objection.

The trial court instructed the jury that Plaintiffs had the burden of proving all the elements of a contract, including mutual assent, sufficient consideration, legal capacity, and the legality of the transaction.[2] The jury returned a verdict finding: there was no oral seven-year contract between Plaintiffs and Defendants; Defendants received goods and services from Plaintiffs under circumstances for which Defendants should be required to pay; Plaintiffs are entitled to recover $247,000.00 in damages from Defendants; and Defendants are not entitled to any credits, offsets, or recovery from Plaintiffs.

---

The dispositive issue is whether the burden of proving that a contract is legal rests on the person seeking to enforce the contract.

Generally, a party seeking to enforce a contract has the burden of proving the essential elements of a valid contract, *Neugent v. Beroth Oil Co.*, 149 N.C. App. 38, 45, 560 S.E.2d 829, 834 (2002), i.e., that there was a binding agreement involving mutual assent, legal capacity, consideration, and a legal bargain, *Creech v. Melnik*, 147 N.C. App. 471, 477, 556 S.E.2d 587, 591 (2001). A contract is, however, presumed to be legal, 17B C.J.S. *Contracts* § 706 (1999), and its illegality is an affirmative defense, N.C.G.S. § 1A-1, Rule 8(c) (1999), with "the burden of proving it . . . on the one that asserts it," *Collins v. Davis*, 68 N.C. App. 588, 592, 315 S.E.2d 759, 762, *aff'd per curiam*, 312 N.C. 324, 321 S.E.2d 892 (1984); *Rose v. Vulcan Materials Co.*, 282 N.C. 643, 652, 194 S.E.2d 521, 528 (1973).[3]

In this case, the trial court instructed the jury that Plaintiffs had the burden of proving the contract they sought to enforce was legal. That instruction was erroneous as the contract was presumed to be legal and the illegality of the contract was an affirmative defense, which Defendants had the burden of proving. The trial court's error only requires a new trial, however, if it is a prejudicial error, which

---

2. We note the record contains Defendants' request for a special jury instruction on illegality in which they state "[t]he burden upon this issue rests with Defendants to convince [the jury] by the greater weight of the evidence that this contractual relationship was in violation of North Carolina law."

3. The same principles apply to the defense of a lack of consideration. N.C.G.S. § 1A-1, Rule 8(c).

likely misled the jury.[4] *Powell v. Omli*, 110 N.C. App. 336, 346, 429 S.E.2d 774, 778, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 338 (1993); *see also Barber*, 130 N.C. App. at 389, 502 S.E.2d at 918 (trial court's instruction must properly guide the jury). Because the trial court unequivocally placed the burden on Plaintiffs to prove the contract was legal, it is likely the instruction misled the jury. In any event, even if we were unable to determine whether the jury instruction prejudiced Plaintiffs, they would nevertheless be entitled to a new trial. *See Word v. Jones*, 350 N.C. 557, 565, 516 S.E.2d 144, 149 (1999) (if an appellate court is unable to determine whether an erroneous instruction prejudiced a plaintiff, the plaintiff is entitled to a new trial).

New trial.[5]

Judges McGEE and CAMPBELL concur.

_____

4. We note the trial court instructed the jury consistent with North Carolina Pattern Jury Instructions providing that a party seeking to enforce a contract has the burden of proving all the elements of a valid contract. N.C.P.I., Civ. 501.15. Although "[t]his Court has held the use of N.C.P.I. to be 'the preferred method of jury instruction[,]' . . . a new trial may be necessary if a pattern instruction misstates the law." *Barber v. Constien*, 130 N.C. App. 380, 385, 502 S.E.2d 912, 915 (quoting *Caudill v. Smith*, 117 N.C. App. 64, 70, 450 S.E.2d 8, 13 (1994), *disc. review denied*, 339 N.C. 610, 454 S.E.2d 247 (1995)), *disc. review denied*, 349 N.C. 227, 515 S.E.2d 699 (1998).

5. Because we have determined Plaintiffs are entitled to a new trial, we do not address their remaining assignments of error as we deem them unlikely to arise at a new trial.