BRYANT, Judge.
Where the trial court properly instructed the jury on trafficking in heroin, we find no error. We decline defendant's request to invoke Rule 2 on the unpreserved issue of variance, and likewise overrule defendant's ineffective assistance of counsel claim based on that issue. Where defendant failed to object to the trial court's ruling on a proposed stipulation, or otherwise argue plain error on appeal, the issue is dismissed.
On 9 March 2015, defendant Robert Vallejo was indicted by the grand jury on charges of (1) level two trafficking in heroin by possession; (2) level two trafficking in heroin by transportation; (3) possession with intent to sell or deliver cocaine; (4) possession with intent to sell or deliver Zolpidem[1] ; (5) possession with intent to sell or deliver oxycodone, a Schedule II controlled substance; (6) possession with intent to sell or deliver 2-amino-1-phenyl-1-propanone[2] (hereinafter Cathinone); (7) possession with intent to sell or deliver methadone; and (8) possession of a firearm by a felon. On 17 April 2017, a trial was held in Wake County Superior Court before the Honorable Robert H. Hobgood, Judge presiding.
Before trial, defendant and the State requested a stipulation to defendant's prior felony conviction as an element of the charge of possession of a firearm by a convicted felon. The Court denied this request, stating that "in order for [the charge] to come forward, the State [had] to put on evidence about it." Defendant did not object to the trial court's denial of the stipulation. As a result, during trial, the State introduced a certified judgment referencing defendant's prior conviction.
At trial, the State presented testimony from witnesses describing the events that led to defendant's arrest. The State also presented evidence from Amanda Jones, a forensic drug chemist at the City-County Bureau of Identification, who testified as an expert witness in forensic drug chemistry and analysis. Jones explained her methods of testing the items and made the following identification of items found inside the car driven by defendant:
• Seven knotted plastic bag corners, each containing 10 round pink tablets and six round yellow tablets. One of the pink tablets was examined and found to contain an oxycodone mixture according to an infrared test performed on an extraction of the tablet.
• Eighteen knotted plastic bag corners, each containing off-white material. One bag's material was tested for color and crystalline structure, as well as an infrared test and a confirmatory gas chromatograph mass spectrometer test. The material was found to contain cocaine.
• A plastic bag containing 35 rectangular tablets inside of a box. One of the tablets contained methadone, according to an infrared test performed on an extraction.
• A medicine bottle containing 116 clear gel capsules containing off-white crystalline material. One gel capsule's contents was tested for color and crystalline structure, underwent extraction and infrared tests, and a confirmatory gas chromatograph mass spectrometer test; the contents were determined to contain two structural derivatives of 2-amino-1-phenyl-1-propanone.
• A plastic bag containing 813 folded and taped glassine bags containing a tan powder. Based on a hypergeometric sampling plan, Jones tested 28 of the glassine bags and tested for weight, color, and a confirmatory gas chromatograph mass spectrometer test, and confirmed that the 28 bags contained heroin weighing 0.84321 grams. Jones then used the statistical test to conclude that all 813 bags contained heroin. After performing the analysis on the 28 bags, Jones opened and individually weighed 510 bags weighing 13.84885 grams.
Jones testified that she followed a "hypergeometric sampling plan," which enabled her to conclude "with 95 percent confidence that at least 90 percent of the [813] individual units contain[ed]" heroin.
At the close of the State's evidence, the trial court dismissed the charge of possession with intent to sell or deliver Zolpidem. The trial court denied defendant's motion to dismiss as to the other charges. Defendant presented no evidence and renewed his motion to dismiss, which the court again denied. The State also requested that the phrase "or any mixture containing heroin" be added to the pattern instruction for trafficking in heroin by possession to reflect the offense language in N.C.G.S. § 90-95(h)(4). Defendant objected, and the trial court sustained the objection. However, during the jury charge, the trial court did include the State's requested "mixture" language in the jury instructions stating that such language was included in the statute.
On 21 April 2017, defendant was found guilty on the following charges: (1) level two trafficking in heroin by possession; (2) level two trafficking in heroin by transportation; (3) possession with intent to sell or deliver cocaine; (4) possession of oxycodone; (5) possession with intent to sell or deliver Cathinone; (6) possession of methadone; and (7) possession of a firearm by a felon. The trial court sentenced defendant to 90 to 120 months imprisonment for each of the trafficking in heroin charges, the sentences to run consecutively. The trial court consolidated the remaining charges and sentenced defendant to 13 to 25 months imprisonment to be served at the expiration of the two sentences for trafficking in heroin. Defendant appealed.
On appeal, defendant argues the trial court: (I) erred by instructing the jury on a theory of trafficking that was unsupported by evidence, (II) erred by denying defendant's motion to dismiss the charge of possession with intent to sell or deliver Cathinone, and (III) abused its discretion by prohibiting the parties' proposed stipulation to defendant's prior felony.
I
Defendant first argues the trial court erred by providing jury instructions on "heroin [as] a controlled substance, or any mixture containing heroin" contending the reference to a mixture was unsupported by evidence. Accordingly, defendant argues that the trial court violated his right to a unanimous jury verdict because the jury was instructed on an alternative theory unsupported by evidence. We disagree.
"The question of whether a trial court erred in instructing the jury is a question of law reviewed de novo. " State v. McGee , 234 N.C. App. 285, 287, 758 S.E.2d 661, 663 (2014).
On appeal, this Court considers a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed.... Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
Hammel v. USF Dugan, Inc. , 178 N.C. App. 344, 347, 631 S.E.2d 174, 177 (2006) (citations and quotation omitted).
This Court approves of jury instructions in accordance with North Carolina Pattern Jury Instructions that "provide the jury with an understandable explanation of the law." State v. Ballard , 193 N.C. App. 551, 555, 668 S.E.2d 78, 81 (2008) (quoting Carrington v. Emory, 179 N.C. App. 827, 829, 635 S.E.2d 532, 534 (2006) ). "[I]n giving jury instructions, the court is not required to follow any particular form, as long as the instruction adequately explains each essential element of the offense." State v. Walston , 367 N.C. 721, 731, 766 S.E.2d 312, 319 (2014) (citation omitted).
In the instant case, defendant cites to State v. Pakulski , 319 N.C. 562, 356 S.E.2d 319 (1987), in support of his argument that the trial court committed reversible error in jury instructions by providing the jury with an alternative theory. However, Pakulski is inapposite to the facts in the instant case. In Pakulski , the defendant was charged with first-degree murder. At the conclusion of the trial, two predicate felonies were submitted to the jury. The Court reversed and remanded for a new trial where evidence of one predicate felony was insufficient, and it was unclear if the verdict was based on the insufficient predicate felony.
Here, there is no question as to the theory supporting the verdict. Nevertheless, defendant takes issue with the trial court's explanation of an essential element of the charged offense. Defendant's argument considers the "any mixture" language as a separate element of the crime of trafficking in heroin which he contends is an additional theory unsupported by evidence. We disagree.
We note that the North Carolina Pattern Jury Instructions require a jury to convict a defendant for trafficking in heroin, pursuant to N.C. Gen. Stat. § 90-95(h)(4), if the defendant knowingly sells, manufactures, delivers, transports or possesses four grams or more of opium, including heroin, or any mixture containing opium or heroin. N.C. Gen. Stat. § 90-95(h)(4)(2017). Reviewing the record, the trial court instructed the jury-almost verbatim-from the pattern jury instructions. The trial court further stated:
I limited the instruction verbally to the heroin cases.... Under 90-95(h)(4), it goes through certain language, and then it says: Including heroin or any mixture containing such substances. So I took [the language] from the statute.
As such, the trial court's instructions were entirely consistent with the pattern jury instruction, and accurately reflected the elements of the statute. As previously stated, § 90-95(h)(4) does not require the presence of both heroin and any mixture of heroin to satisfy that element. The instruction makes it clear as to the charge before the jury and leaves no reason to believe the jury was misled or misinformed. Accordingly, this argument is overruled.
II
Defendant argues the trial court erred by denying his motion to dismiss the charge of possession with intent to sell or deliver Cathinone because there was a variance between the indictment and the evidence presented. The State contends that this issue was not properly preserved on appeal because he failed to object to this issue at trial and we agree. See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc. , 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008) ("[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal."). However, defendant, acknowledging his failure to properly preserve this issue, asks this Court to exercise its discretion, suspend the rules, and review this issue pursuant to Rule 2 of the Rules of Appellate Procedure.
Rule 2 provides that an appellate court may address an unpreserved argument "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C. R. App. P. 2 (2017).
While it is certainly true that Rule 2 has been and may be so applied in the discretion of the Court, we reaffirm that Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such [rare] instances.
State v. Hart , 361 N.C. 309, 315-16, 644 S.E.2d 201, 205 (2007) (quoting Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d at 299-300 (1999) ).
We note this Court has previously elected to grant discretionary review on the issue of fatal variance where the defendant failed to adequately preserve the issue for appeal but the argument was meritorious. See State v. Campbell , --- N.C. App. ----, 810 S.E.2d 803 (2018). However, in most cases this Court has declined to exercise discretion where it is apparent that no fatal variance occurred, and thus there was no need to invoke Rule 2 and consider the issue. See id. at ____, 810 S.E.2d at 811 ("By considering the potential merit of the fatal variance argument and determining that no fatal variance existed, these opinions imply that the Court may have granted review under Rule 2 if the case involved an actual fatal variance which could have changed the result on the merits.").
Given that defendant was indicted for possession of Cathinone, a Schedule I controlled substance, and the State presented evidence of structural derivatives of Cathinone, also Schedule I controlled substances, which led to his conviction, we hold that this case does not involve exceptional circumstances and decline to exercise our discretion to invoke Rule 2.
Alternatively, defendant argues that his trial counsel provided ineffective assistance of counsel by failing to specifically object on the grounds of fatal variance at the close of trial.
To sustain an ineffective assistance of counsel (IAC) claim on direct appeal, a defendant must show "[his] counsel's performance was deficient" and "that the deficient performance prejudiced the [defendant] ... [as the] errors were so serious ... [as] to deprive the defendant of a fair trial." Strickland v. Washington , 466 U.S. 668, 687, 80 L.Ed.2d 674, 693 (1984).
Here, defendant is unable to sustain his IAC claim. Defendant argues his counsel was deficient because there was no conceivable strategic reason for his counsel's failure to properly articulate specific grounds of fatal variance and the trial court would have dismissed the charge if argued. However, on this record, it is clear that the trial court would likely not have granted a dismissal based on fatal variance. Further, as we have declined to invoke Rule 2, and thereby indirectly held that defendant's fatal variance claim is without merit, defendant's IAC claim must fail. Therefore, defendant's main argument and alternative IAC argument are overruled.
III
Finally, defendant argues the trial court abused its discretion when it prohibited the parties from stipulating to defendant's prior felony as an element of the charge of possession of a firearm by a felon. The State, on the other hand, contends this issue is subject to dismissal as it was not properly preserved where defendant failed to object at trial. We agree.
"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1) (2017).
However, "[i]n criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action in question is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) (2017). But failure to argue plain error waives plain error review. State v. Lawrence , 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012).
Here, defendant failed to object at trial, and failed to argue plain error on appeal. Therefore, defendant has failed to preserve this issue for review, and it is hereby dismissed.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge STROUD concur.

Zolpidem, a Schedule IV controlled substance, is "a sedative that was originally sold under the brand name Ambien[.]" Wagner v. State , 390 P.3d 1179, 1180 (Alaska Ct. App. 2017).

2-amino-1-phenyl-1-propanone, a Schedule I controlled substance, is the trade name for Cathinone which is known for "having [ ] stimulant effect[s] on the central nervous system." N.C. Gen. Stat. § 90-89(5) (2017).